Isabel Illanes Velazco, por sí y por su hijo menor Pedro, y Miguel, Sebastián, Francisco y Catalina, estos cinco de apellidos Alcázar Illanes, demandantes y apelantes, *v.* Américo Oms Sulsona, demandado y apelado.

Núm. 8814.—*Sometido:* Abril 19, 1944. *Resuelto:* Julio 24, 1944.

*Ismael Soldevila,* abogado de los apelantes; *Erasto Arjona Siaca,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

The Federal Land Bank of Baltimore era dueño de cierta hipoteca sobre una finca de 104.71 cuerdas perteneciente a Isabel Illanes y a sus hijos Sebastián, Francisco, Pedro, Miguel y Catalina Alcázar. Éstos adeudaban al banco $1,045.32 por concepto de plazos atrasados de la hipoteca. El 9 de abril de 1931 Américo Oms, con el conocimiento de los deudores y sin protesta de ellos, pagó al banco la referida cantidad. Posteriormente la finca de 104.71 cuerdas fué dividida en dos parcelas: una de 52.35 cuerdas que se adjudicó a Isabel Illanes, y la otra de 52.36 cuerdas adjudicada a sus hijos. De su parcela Isabela Illanes segregó un predio de 36 cuerdas que vendió a Alfredo Vega, reteniendo ella el remanente, pero quedando todas las tres parcelas afectas a la hipoteca del banco por ser indivisible el gravamen.

En abril de 1931 Oms instó el pleito número 5836 ante la corte inferior en cobro de los $1,045.32 que por cuenta de los demandados pagó al banco. Se opusieron los demandados, fué el caso a juicio y dictada sentencia a favor del demandante por la indicada cantidad, se le adjudicaron las fincas a cuenta de la sentencia, quedando pendiente de cobro la cantidad de $45.32 remanente de la sentencia, para satisfacer la cual se expidió una segunda orden de ejecución sobre supuestos plantíos y arboledas que se dijo existían en las fincas. El 17 de mayo de 1935 Isabel Illanes y sus hijos instaron este pleito contra Oms en la corte inferior, solicitando la nulidad de las actuaciones en el pleito 5836, la reivindicación de las fincas y el cobro de los frutos producidos o debidos producir por las fincas.

Aunque en la demanda virtualmente se alega solamente una causa de acción, consistente en la alegada nulidad de las actuaciones en el pleito 5836, y como consecuencia de esa nulidad se solicita la reivindicación de las fincas y recobro de los frutos producidos o debidos producir, los demandantes han dividido la demanda en cinco causas de acción, considerando como causa de acción separada cada uno de los motivos de nulidad que alegan.

Se alega sustancialmente en la demanda que al citarse a Isabel Illanes en el pleito 5836, no se consignó que ella era emplazada en su doble carácter de demandada y de madre con patria potestad sobre los menores Catalina y Pedro Alcázar. Se alegó además que Oms declaró en el juicio del caso 5836 que Isabel Illanes le debía cierta cantidad garantizada con segunda hipoteca sobre las referidas fincas, que ese hecho era falso y que Oms lo declaró con el solo propósito de obtener sentencia contra ella, y que sin ese fraude así perpetrado no hubiera obtenido tal sentencia; que Cristino R. Colón, quien fué el abogado de Isabel Illanes y sus hijos en el citado pleito 5836, fué nombrado juez municipal, y no obstante haber cesado como abogado de récord desde la fecha de su nombramiento, a él fué notificada el 23 de mayo de 1932 la sentencia que se dictó en el caso 5836. En los autos del mencionado pleito no existe constancia alguna de la notificación. Si bien aparece una declaración jurada por Tulio Medina al efecto de que notificó personalmente el 30 de junio de 1932 a los demandados, no consta la fecha en que se archivara en los autos esa notificación. Continúa alegándose que en el mencionado caso 5836 sólo se practicó un embargo preventivo, pero no se dictó embargo en ejecución, y que el citado embargo preventivo no se notificó a los ahora demandantes Miguel, Sebastián, Pedro y Catalina Alcázar; y que el valor de los frutos producidos por las fincas desde que Oms tomó posesión de ellas hasta la radicación de la demanda del presente pleito no bajan de cuatro mil quinientos dólares. Termina la demanda con súplica de una sentencia que declare

nula, por cualquiera de los motivos expuestos, la sentencia que contra los demandantes obtuvo Oms en el caso 5836; que se condene a éste a devolverle las fincas a los demandantes, a pagarles cinco mil dólares por concepto de ciertos plantíos y arboledas que alegaron el demandado cosechó y se aprovechó, con intereses legales desde la fecha en que se aprovechó de ellos, y cuatro mil quinientos dólares por concepto de frutos producidos o debidos producir, y los que produzcan o deban producir dichas fincas a razón de no menos de mil ochocientos dólares anuales; y por último que se ordene la cancelación de las inscripciones practicadas a favor de Oms en el registro de la propiedad, y que se le impongan el pago de costas, gastos y honorarios de abogado.

La corte inferior llegó a las siguientes conclusiones de hecho: que en el caso 5836 Isabel Illanes no fué emplazada en su carácter de madre con patria potestad sobre los menores Pedro y Catalina Alcázar, y que por consiguiente el emplazamiento en cuanto a ellos es nulo, pero que como el abogado Cristino R. Colón había comparecido en representación de los demandados radicando excepción previa, y al así comparecer expresó que lo hacía a nombre de los hijos mayores de edad, mencionándolos, y de Isabel Illanes por sí y como madre con patria potestad sobre los menores, el defecto del emplazamiento fué subsanado por haber quedado los menores de ese modo sometidos a la jurisdicción de la corte; que no había sido probada la alegación de los demandantes al efecto de que Oms había declarado en el juicio del caso 5836 que Isabel Illanes le era deudora de una segunda hipoteca; que la sentencia en el caso 5836 fué notificada al que había sido abogado de los demandados, Cristino R. Colón, pero que al tiempo de hacerse la notificación el referido abogado había dejado de representarlos, por estar ya ocupando el cargo de juez municipal; que en los autos del referido pleito aparece la notificación de sentencia que diligenciara Tulio Medina, pero que no consta en qué fecha quedó archivada en los autos esa notificación; y por último que no se había probado que

la finca hubiera producido algo durante el tiempo que la había poseído Oms. La corte inferior dictó sentencia el 26 de enero de 1938 declarando nulas las dos subastas celebradas en el caso 5836, y en su consecuencia ordenó la devolución de las fincas a los ahora demandantes, así como la cancelación de las inscripciones practicadas a favor del demandado en el registro de la propiedad, todo sin especial condenación de costas. Posteriormente, a moción de los demandantes la corte modificó su sentencia en el sentido de imponer a Oms el pago de las costas sin incluir honorarios de abogado.

La sentencia no fué apelada por Oms, y por consiguiente los pronunciamientos de la misma que le perjudican constituyen cuestión definitivamente resuelta y no debemos discutirlos en el presente recurso.

A nuestro juicio la sentencia de la corte se ajusta a la ley y a los hechos probados. La evidencia preponderantemente demostró que las fincas estaban cubiertas de maleza, que habían sido abandonadas por los propios demandantes algún tiempo antes de que Oms estableciera el pleito contra ellos, y que los terrenos eran completamente estériles y no existieron los plantíos y arboledas por los cuales los demandantes reclaman cinco mil dólares.

*Procede por lo expuesto la confirmación de la sentencia apelada.*

El Juez Asociado Sr. Todd, Jr., no intervino.